FRANK & DARROW v. BLAKE.

1. **Promissory Notes:** FRAUDULENT: BONA FIDE PURCHASER: PARTNERSHIP. Where the transferee of a fraudulent note seeks to recover thereon, he has the burden of showing that he purchased in good faith; and where a partnership seeks to recover as a *bona fide* purchaser of a promissory note, fraudulently procured, the burden is upon it to show that all the members of the partnershp were ignorant of the fraud at the time of the purchase.

*Appeal from Warren Circuit Court.*

WEDNESDAY, JUNE 14.

ACTION upon a promissory note. The defendant admits the execution of the note, but avers that the same was obtained from him without consideration and by fraud. There was a trial by jury, and verdict and judgment were rendered for the defendant. The plaintiffs appeal.

*Henderson & Berry,* for appellants.

*H. McNeil* and *J. S. McKinny,* for appellee.

ADAMS, J.—The note was executed, payable to the order of the maker, and indorsed by him in blank and given to one Parsons, who transferred it before maturity, and

1. PROMISSORY notes: fraudulent: bona fide purchaser; partnership.

for a valuable consideration, to the plaintiffs, who are partners. The note was given under an arrangement whereby the defendant was to become the agent of the American Hog Cholera Cure Company, of

Eureka, Iowa. Without setting out in detail, the facts relied upon by defendant, it is sufficient to say that there was evidence tending to show that the note was procured by fraud, as the defendant avers. Upon this evidence, the court instructed the jury, in substance, that if they found that the note was procured by fraud, they should find for the defendant, unless they found that the plaintiffs purchased the note before maturity for a valuable consideration, without knowledge of the fraud; and in case they found that the plaintiffs did so purchase the note, then the verdict should be for them. The plaintiffs do not complain of this instruction. But they say that under it the verdict should have been for them, because, while the jury might have been justified in finding that the note was procured by fraud, the evidence was conclusive that it was purchased by plaintiffs without knowledge of the fraud.

The purchase was made by one Tenny, a member of the plaintiffs' firm, who testified that he had no knowledge of any of the circumstances connected with the note. To rebut this evidence, the defendant showed that there had been other victims of hog cholera notes in that community, and that Tenny had been informed that it was claimed that the hog cholera notes, as a class, were fraudulent. But it is not shown that whatever information Tenny received upon this subject, was not received after the purchase. Tenny's testimony, therefore, is uncontradicted.

There remains then, only to be considered, whether proof that Tenny was, at the time of the purchase, without knowl- of the fraud, was sufficient. The defendant contends that it was not. He contends that while Tenny's knowledge would be deemed the knowledge of the firm, his ignorance would not necessarily be deemed the ignorance of the firm. It must be admitted, of course, that the fact that Tenny was ignorant of the fraud, would not show that his partners were. The general rule is, that where the transferee of a fraudulent note seeks to recover thereon, he has the burden of showing that

he purchased in good faith.   Now, where the purchaser is a partnership, will it be deemed a purchaser in good faith, if it is simply shown that the purchasing partner had personally no knowledge of any fact which would preclude good faith? No decision directly upon this point has been cited by counsel, and none has come to our notice.   Upon principle it appears to us that the question should be answered in the negative.   We know of no ground upon which it could be presumed that the purchasing partner's co-partners were ignorant of the fraudulent character of the note because he was. He might have been the one selected and put forward to make the purchase because he was ignorant.   We are aware that if the rule is as we hold, that where a partnership seeks to recover as a bona fide purchaser of a promissory note, fraudulently procured, the burden is upon the partnership to show that all the members were ignorant of the fraud at the time of the purchase; it is necessary for the entire safety of a partnership in purchasing a note, that all the members should be consulted or inquired of by the purchasing partner.   But this is imposing no great burden.   We cannot suppose that promissory notes are often purchased by partnerships under such exigency upon their part that the necessity for the caution required by the rule laid down, would impose an unnecessary restriction upon the business.

In our opinion, the plaintiffs did not show that they purchased without knowledge of the fraud, and the judgment must be

AFFIRMED.