PERKINS v. EVANS ET AL.

1. **Public Officer:** FALSE RECORD: LIABLE TO PRINCIPAL FOR DECEIVING AGENT. Where a public officer knowingly makes a false record, and a person is injured in a transaction, by reason of the fact that his agent, charged with the whole business pertaining to the transaction, is deceived by the record, the law will, in the absence of any evidence to the contrary, treat the principal as deceived, and allow him to recover his damages in an action upon the official bond of the officer.

2. **Evidence:** EXCLUSION OF: NO PREJUDICE SHOWN. This court will not reverse a cause on account of the exclusion of evidence, when it does not affirmatively appear that appellants were prejudiced by such exclusion.

*Appeal from Carroll District Court.*

WEDNESDAY, APRIL 18.

THIS action was brought upon the official bond of the defendant, Evans, as auditor of Ida county. The plaintiff alleges that he purchased a tract of land in that county which had been sold for taxes; that at the time of his purchase the

said Evans had made an entry upon the record of tax sales in his office, showing that the land had been redeemed; that the land had not in fact been redeemed, and that the entry showing that a redemption had been made was false, as Evans well knew; that the plaintiff purchased the land, relying upon the entry as correct, and was deceived thereby, and was compelled to redeem the land at an expense of $445.29. There was a trial to a jury, but the court gave the jury a peremptory instruction to render a verdict for the plaintiff for the amount paid and interest at six per cent from the time of payment. A verdict and judgment were rendered accordingly. The defendants appeal.

*C. D. Goldsmith*, for appellants.

*J. H. Drabelle* and *W. W. Baldwin*, for appellee.

ADAMS, J.—I. The allegation as to the fact of the false entry appears to be proven beyond dispute. The defendants contend, however, that the evidence fails to show that the plaintiff was deceived by it. The purchase was not made by the plaintiff personally. One Scott acted as his agent in the purchase and transacted the whole business for him. Scott had knowledge of the entry, and in making the purchase relied upon it as being correct. As to whether the plaintiff had any personal knowledge of the entry or not, there was no evidence whatever. The defendants contend that, such being the fact, the plaintiff cannot recover. But, in our opinion, their position cannot be sustained. We think that where a public officer knowingly makes a false record, and a person is injured in a transaction by reason of the fact that his agent, charged with the whole business pertaining to the transaction, is deceived by the record, the law will treat the principal as deceived, in the absence of any evidence to the contrary. It is true that proof of a want of knowledge on the part of an agent may not, under all circumstances, be sufficient to show want of

1. PUBLIC officer: false record: liable to principal for deceiving agent.

knowledge on the part of the principal. It may not be sufficient where a negotiable promissory note is purchased through an agent. *Frank et al. v. Blake*, 58 Iowa, 750. But there is no analogy between such case and the case at bar.

II.   The evidence shows that the plaintiff's agent, Scott, employed one Wilson to procure an abstract of title. The defendants introduced as a witness one Burns, and asked him a question in these words: "Did you inform Mr. Wilson in any manner, or do you know of his having any information, in relation to this lien? If so, what was that information?" The plaintiff objected to this question, and the objection was sustained. The defendants contend that the court erred in sustaining the objection. But it will be seen that, if the witness had been allowed to answer the question, and had answered it favorably for the defendants, it would properly have shown nothing in regard to the time when the information was communicated.

2. EVIDENCE: exclusion of no prejudice shown.

The defendants asked Burns another question, which was, in substance, as to whether he had any conversation with Wilson in May and June, 1878, in relation to taxes on the land, and what the conversation, if any, was. This question was objected to by the plaintiff, and the objection was sustained. The defendants contend that in this the court erred. But we cannot say that defendants were prejudiced. The evidence shows that Wilson was employed June 19, and delivered the abstract June 21, 1878. The conversation, if in May, might have been before the false entry was made, and, if in June, after the abstract was delivered.

We see no error, and the judgment must be

AFFIRMED.