THE BENNETT STATE BANK, Appellant, v. HERMAN SCHLOESSER.

**Good Faith Purchase:** JURY QUESTION: *Corporations.* Evidence by a cashier of a bank, introduced without objection, that in the purchase of a note neither he nor the other officers of the bank had notice of matters pleaded by defendants as a defense to the note, is not conclusive evidence that the other officers had no notice thereof.

ORDER OF PROOF. The maker of a note may introduce evidence which is a defense to the note, before the plaintiff offers proof that he is a good faith purchaser of the note.

BURDEN OF PROOF. Where a bank sues as an indorser of a note, and defendant pleads that it was obtained by fraud, the burden is on the bank to show that none of its officers had notice.

**Instructions:** HARMLESS ERROR. Erroneous instructions with regard to a failure of consideration for the notes in suit and a breach of warranty of a horse for the purchase price of which the notes were given, are harmless to plaintiff where the jury find specially that the notes were obtained by false representations.

ESTOPPEL TO COMPLAIN. A party who brings out evidence on a matter which was not properly pleaded cannot complain because the court treats such matter as in issue; especially where this course creates an additional basis whereupon such party may obtain judgment.

*Appeal from Dallas District Court.*—Hon. J. H. HEN-
DERSON, Judge.

FRIDAY, APRIL 9, 1897.

THIS action is brought by the plaintiff bank upon certain promissory notes which it claims it purchased from W. J. Wroughten & Co., the payees of said notes, for value, before maturity, and without notice of any defenses thereto. The defendant admits the execution of the notes, and denies all other allegations in the petition; denies that plaintiff owns the notes; and denies that it purchased them for value, before maturity, and in the due course of business. In a second division of the answer the defendant avers that in April, 1892, he purchased of W. J. Wroughten & Co., for breeding purposes, a stallion named "Cæsar Augustus," and executed the notes sued upon; that he purchased the horse for breeding purposes; that he was represented by Wroughten & Co. as being sound, good, and suitable therefor, and that defendant relied upon such representations, which were in fact untrue, and known to be so by Wroughten & Co. when made; that defendant, upon discovering said defects, rescinded the contract, and returned said horse to the sellers, who accepted him, and verbally promised to surrender to this defendant his said notes given for the purchase price of said horse. In a reply, plaintiff denies all allegations in the second division of the answer. The cause was tried to the court and a jury and a verdict returned by the jury for the defendant, upon which a judgment was entered. Plaintiff appeals.—*Affirmed.*

*Preston, Wheeler & Moffit* and *White & Clark* for appellant.

*Shortly & Harpel* and *R. S. Barr* for appellee.

KINNE, C. J.—I.   Error is assigned upon the court's rulings in admitting evidence on the part of the defendant which tended to establish his defense pleaded.   The claim is that such evidence was improper, because the evidence shows that plaintiff was a good-faith purchaser for value, and without notice.   When the evidence which is complained of was admitted, no evidence had been offered by plaintiff save the notes and the indorsements thereon.   Defendant was properly permitted to introduce evidence tending to sustain the allegations of the answer.   If, in the further progress of the case, it appeared that plaintiff was in fact a good-faith purchaser of the notes, for value, and without notice, then the evidence objected to could not avail the defendant.   Such, at least, was not the situation when the evidence objected to was offered and received.   There was no error in the rulings.

II.   It is next contended that the court erred in not sustaining plaintiff's motion to direct a verdict for it.   There was sufficient evidence of fraud to send the case to the jury, but it is urged that there was no evidence which tended to show that plaintiff, when it purchased the notes, had notice of the matters now urged as a defense to the notes, and that in fact the evidence shows that plaintiff had no such notice.   It appears that plaintiff's cashier testified that he made the deal with Wroughten & Co., in which the bank took these notes in suit; that neither he nor the other officers of the bank had any notice of the matters pleaded by the defendant in defense to said notes.   No objection was interposed to

this evidence whereby the cashier undertook to testify to want of notice on the part of all the other officers of the bank. Nevertheless, as to them, his testimony was not conclusive, and was, at best, as to matters as to which he could have had no actual knowledge. Under such circumstances we have held that the question of notice and good faith in making the purchase of notes by a partnership or bank is one for the jury. *Frank v. Blake*, 58 Iowa, 750 (13 N. W. Rep. 50); *Bank v. Paddick*, 90 Iowa, 66 (57 N. W. Rep. 687). Following these cases, there was no error in the ruling upon the motion, in this respect.

III. It appears that after the plaintiff had acquired the notes in suit, and after the defendant had discovered the representations regarding the horse to be false, some further negotiations were had between Wroughten & Co. and the defendant, in which the horse Cæsar Augustus was taken back by Wroughten & Co., and another horse sold to defendant. When he purchased the last horse, the defendant executed a chattel mortgage, which it is claimed secured the notes in suit. Touching this matter the court told the jury that, if the defendant took the last horse instead of Cæsar Augustus, plaintiff should recover; that if the defendant executed the mortgage on the last horse to secure the notes in suit, plaintiff should recover, unless they found that the defendant, when he signed said chattel mortgage, did not know what it was, nor that it secured said notes, and that he signed it on the representations of Wroughten & Co. that the last horse was to be paid for by defendant by application of the proceeds of other property received from the defendant and its earnings, in which event the chattel mortgage would not preclude the defendant from pleading and proving the false representations alleged, nor give the plaintiff, by reason of the execution of the mortgage,

a right to recover on the notes. It is said that there was no such issue in the case, hence the instruction was erroneous. There was no such issue. Nevertheless both parties treated this mortgage transaction as being in the case, the same as if it had been properly pleaded. The plaintiff first drew out the evidence regarding it upon cross-examination of the defendant, and, having thus been responsible for injecting it into the case, it ought not now be heard to complain that the court erred in treating the matter as in issue. Plaintiff claims that, as this matter was subsequent to the sale of Cæsar Augustus, and occurred long after they purchased the notes, it cannot be prejudiced by the transaction, in any event. Let that be admitted, what is the situation? Plaintiff, on cross-examination of the defendant, develops facts which, if they establish what is claimed for them, would show that the defendant had, after acquiring knowledge of the fraud which had been practiced upon him by Wroughten & Co., settled with them by taking another horse in lieu of Cæsar Augustus, and therefore no longer had any right to rely upon said fraudulent representations. If this be true, it was in the plaintiff's favor, and it is in no situation to complain. If the facts did not show a settlement and waiver of the right to insist upon the fraud by the defendant, then his situation was the same as to the plaintiff as though the chattel mortgage transaction had never occurred. So, in any event, it occurs to us the instruction could not have prejudiced plaintiff. It simply afforded it a possible opportunity to secure a judgment in the event that the jury should find that the defendant had waived the fraud, and had accepted another horse in lieu of the one which he claimed was not as represented. It is clear that the error, if such it was, in giving the instruction, was not

only not prejudicial to the plaintiff, but favorable to it.

IV. Complaint is made of the rules of law as laid down in the tenth and eleventh instructions, touching a failure of consideration, and a breach of warranty. As the jury found specially that the notes were obtained by false representations it is clear that the instructions complained of could have worked no prejudice to plaintiff, hence we give them no further consideration.

V. Lastly, it is insisted that the verdict was not warranted by the evidence. We think the evidence sufficient to justify the verdict. Perhaps the doubtful matter is as to whether the plaintiff took the notes without notice of the defenses now urged against them. As we have said before, that is a matter properly submitted to the jury, and we ought not to interfere with their finding in that respect. The burden was on the bank to show that none of its officers had notice. This, in view of our previous holdings, it did not discharge by showing such fact by one of its officers only.—AFFIRMED.