FIRST NATIONAL BANK OF LEWISTOWN, APPELLANT, *v.* WILSON ET AL., RESPONDENTS.

(No. 4,097.)

(Submitted February 25, 1920. Decided March 15, 1920.)

[188 Pac. 371.]

*Promissory Notes—Failure of Consideration—Holder in Due Course—Evidence—Directed Verdicts.*

Promissory Notes—Failure of Consideration—Evidence—Judgment-roll in Other Action.

1. In an action on a promissory note, a judgment-roll showing the cancellation of a contract for the sale of land and recovery of the premises by the seller was evidence of failure of consideration for the note given in payment, and if a bank suing on the note took it with knowledge of the failure of consideration and held it subject to the defense set up, admission of the roll in evidence was proper.

Directed Verdict—When not Warranted.

2. The fact that testimony is uncontradicted is not alone sufficient to warrant a directed verdict, where the inferences to be drawn from all the circumstances are open to different conclusions by reasonable men.

Promissory Notes—Purchaser in Good Faith.

3. Where a bank receives a negotiable promissory note before maturity as collateral security for a pre-existing debt, it is, to the extent of its claim, a purchaser in good faith and not affected by equities between the parties to the instrument of which it has no notice.

Same—Knowledge of Failure of Consideration—Purchaser not One in Good Faith.

4. A bank which had been made depositary of escrow papers evidencing a sale of land, the two notes given in payment being made payable at different dates at said bank and the papers to be delivered to the buyer upon payment of the first, and which, though knowing of failure

---

As to what circumstances are sufficient to put a purchaser of negotiable paper on inquiry, see notes in 29 L. R. A. (n. s.) 351; 44 L. R. A. (n. s.) 395; L. R. A. 1918F, 1148.

of the first payment and that the seller had the right to declare a forfeiture of the contract, twenty-eight days after its due date accepted the second note as security for a pre-existing debt, was not a purchaser without notice.

*Appeal from District Court, Fergus County; Roy E. Ayers, Judge.*

ACTION by the First National Bank of Lewistown against J. H. Wilson and Maud Wilson, his wife. From a judgment for defendants and an order denying a motion for a new trial, the plaintiff appeals. Affirmed.

*Messrs. Blackford & Huntoon,* for Appellant, submitted a brief.

*Mr. O. W. Belden,* for Respondents, submitted a brief and argued the cause orally.

MR. JUSTICE MATTHEWS delivered the opinion of the court.

This action was brought on a promissory note. The answer denies the allegations of the complaint, except as to nonpayment, and alleges, as an affirmative defense, that the note in question was a part of the consideration for a contract for the purchase of certain lands; was never delivered and came into the hands of the bank's transferee wrongfully; is without consideration and was to have been placed in escrow with the deed, *etc.;* and that it was transferred to the bank in an endeavor to defraud respondents. The answer further alleges that the bank had notice thereof and was not an innocent purchaser for value, or any purchaser of the note.

Four special findings were returned by the jury, three of which, complained of by the appellant, were to the effect that the bank did have notice of the defense to the note, or had knowledge of facts which would have put a reasonable man upon inquiry. The jury also returned a general verdict for the respondents, and judgment was entered accordingly. Motion for a new trial having been denied, the appeal is from the judgment and the order of the court denying the motion.

From the evidence adduced it appears that on May 20, 1914, respondents were negotiating with one Gill for the purchase of a ranch. Gill consulted an officer of the appellant bank by the name of Straight as to the advisability of making the deal, and thereafter, on the same day, deposited the deed, assignments and other papers with the bank in escrow, making the bank a party to the escrow agreement, which agreement described two certain promissory notes, the first for $1,688, payable November 1, 1914, and the second for $900, payable November 1, 1915, both of which were made payable at this particular bank. The escrow agreement provided that on payment of the first note, November 1, 1914, the bank was to deliver to respondents the deed and assignment mentioned, and thereupon the escrow would be at an end. Respondent defaulted in the first payment, and the escrow agreement and papers remained in the possession of the bank. Thereafter, on the twenty-eighth day of November, 1914, the bank, being still in the possession of the escrow papers and agreement in which the said note for $900 was fully described, accepted the transfer thereof from Strouf as collat- eral security for a pre-existing debt. On January 12, 1915, Gill commenced an action for the cancellation of the contract for sale on the ground of the breach thereof.

Appellant makes ten assignments of error:

1. Specifications I, II, and III allege error in the admission [1] of the judgment-roll in the case of *Gill* v. *Wilson,* showing the cancellation of the contract and recovery of the premises by Gill. The judgment-roll was evidence of the failure of the consideration for the note sued upon here, and if the bank took the note with knowledge of the failure of consideration by reason of the breach of the contract, and held it subject to the defense set up, the admission of this evidence was proper.

2. Specification of error No. IV is on the court's refusal to [2] grant appellant's motion for a directed verdict. Counsel contend that the claim that the bank had knowledge is based upon the conversation between Gill and Straight, which was.

not denied, and that there was therefore no question of fact for the jury to decide.

Section 6761, Revised Codes, provides that where "the case presents only questions of law, the judge may direct the jury to render a verdict in favor of the party entitled thereto." And in the case of *Consolidated Min. Co.* v. *Struthers,* 41 Mont. 565, 111 Pac. 152, this court held that "the right of the plaintiff and defendant to a jury trial upon issues of fact stands upon the same footing. If the pleadings present such issues, *prima facie* each is entitled to have a jury determine them; but, if during the course of the trial it becomes apparent that there are no such issues in the evidence, the decision falls within the province of the court." While it is true the conversation between Gill and Straight was not disputed, it is not alleged that such conversation alone gave notice to the bank, and respondents are not bound by the testimony concerning that transaction alone, but were at liberty to take into consideration all the circumstances surrounding the transaction between the witness Strouf and the bank, and from all the facts and circumstances determine as to whether or not the bank either had notice of any defense to the note or was chargeable therewith, and such issue was properly submitted to the jury.

The fact that testimony is uncontradicted is not alone sufficient to warrant a directed verdict, where the inferences to be drawn from all the circumstances are open to different conclusions by reasonable men. (*Arnd* v. *Aylesworth,* 145 Iowa, 185, 29 L. R. A. (n. s.) 638, 123 N. W. 1000; *Dibble* v. *Northern Assur. Co.,* 70 Mich. 1, 14 Am. St. Rep. 470, 37 N. W. 704; *Elwood* v. *Western U. Tel. Co.,* 45 N. Y. 549, 6 Am. St. Rep. 140.) In the *Arnd Case* the court said: " 'It is often a difficult question to decide when a witness is, in a legal sense, uncontradicted. He may be contradicted by circumstances as well as by statements of others contrary to his own. In such cases courts and juries are not bound to refrain from exercising their judgment, and to blindly adopt the statements of the witness, for the simple reason that no other witness has denied them,

and that the character of the witness is not impeached.' That the circumstances under which a note is negotiated may be sufficient to sustain a verdict against the holder's positive denial of notice. has been frequently held.'' (*Bennett State Bank* v. *Schloesser,* 101 Iowa, 571, 70 N. W. 705; *Hoffman* v. *Leidfarth,* 51 Iowa, 711, 2 N. W. 518; *Peirson* v. *McNeal,* 137 Mich. 158, 100 N. W. 463.)

Counsel for respondents contends, however, that regardless **[3]** of notice or knowledge, the bank, having received the note in question as collateral security for a pre-existing debt, is not a holder for value in due course, relying upon the following statement of Michie on Banks and Banking, section 179, page 1557: ''Where a bank takes security for a pre-existing debt, it takes it subject to the equities of third persons; but where the bank advances money upon faith of the collateral it occupies the position of a *bona fide* holder for value''—citing *Cleveland* v. *State Bank,* 16 Ohio St. 236, 88 Am. Dec. 445; *Roxborough* v. *Messick,* 6 Ohio St. 448, 67 Am. Dec. 346. But the Ohio cases cited do not bear out the text-writer; they have to do only with an assignment and not with an indorsement and transfer and the statement made by Michie is contrary to the authorities on the subject. (See *Railroad Co.* v. *National Bank,* 102 U. S. 14, 26 L. Ed. 61; *Swift* v. *Tyson,* 16 Pet. 1, 10 L. Ed. 865 [see, also, Rose's U. S. Notes]; *Farmers' State Bank* v. *Blevins,* 46 Kan. 536, 26 Pac. 1044; *Gammon* v. *Huse,* 9 Ill. App. 557; *Goodman* v. *Simonds,* 20 How. 343, 15 L. Ed. 934 [see, also, Rose's U. S. Notes].) In *Yellowstone Nat. Bank* v. *Gagnon,* 19 Mont. 402, 61 Am. St. Rep. 520, 44 L. R. A. 243, 48 Pac. 762, this court said: ''The indorsee of negotiable paper who takes the same before maturity as collateral for a pre-existing debt of the payee is to the extent of his claim a purchaser in good faith, and is not affected by equities between the parties of which he has no notice.'' If, therefore, the bank was without notice at the time of its transaction with Strouf, it was a holder in due course.

Specifications of error Nos. V to X are based upon the con-
[4]   tention that there is an entire absence of evidence suffi-
cient to sustain the verdict and the three special findings men-
tioned, regarding notice, and will be considered together.

The replication admits the execution of the contract and that
the note here sued upon is the $900 note referred to in the con-
tract.   The appellant here was made the custodian of the es-
crow papers and a party to the escrow agreement; the notes
were payable at the appellant bank.   Under the escrow agree-
ment, the first note was payable November 1, 1914, and there-
upon it devolved upon appellant to deliver over to respondents
the escrow papers.   The payment was not made and the appel-
lant retained. possession of those papers, and it cannot be con-
ceived how, under such circumstances, appellant could contend
that it did not know of the failure of respondents, and its conse-
quent failure to deliver the deed and other papers as directed.

Had the transfer to the bank been made prior to the breach
of the contract, the knowledge of the transaction would not, in
itself, defeat recovery, for the bank would have had the right to
presume that respondents would fulfill their contract.   In the
case of *Baker State Bank* v. *Grant,* 54 Mont. 7, 166 Pac. 27, it
was held that where the bank knew, when it took from the seller
of an automobile notes executed by the purchaser, that the car
was sold under a warranty and that the consideration for the
notes might possibly fail, it was nevertheless a holder in due
course, as defined in section 5900, Revised Codes, there having
been no breach of the warranty at the time the notes were
negotiated,—that the bank had the right to presume that the
seller's contract of warranty would be carried out in good faith.

However, the bank here did not receive the note until twenty-
eight days after the breach of the contract, and not until the
seller had the right to declare a forfeiture of the contract and
thus withdraw the consideration for this note.   Surely the bank
was not justified in presuming that the seller would not declare
such forfeiture, and therefore, at the time the bank took the
note, it was as though the consideration had already failed.   In

the *Baker State Bank Case,* it is said: "If the breach had occurred before the notes were transferred and the bank knew of such breach, it could not claim to be a holder in due course."

Clearly, there was evidence justifying the finding of the jury that the bank did have actual knowledge of the infirmity or defect, or knowledge of such facts that its action in taking the instrument amounted to bad faith. (Sec. 5904, Revised Codes.) The jury, and the trial court on the motion for a new trial, had the advantage of seeing the witnesses on the stand and noting their demeanor of testifying, and this court will not therefore disturb their findings. The pleadings were sufficient to raise this issue, and the evidence was sufficient to warrant the findings and the verdict.

The judgment and the order of the district court of Fergus county are affirmed.

*Affirmed.*

Mr. Chief Justice Brantly and Associate Justices Holloway, Hurly and Cooper concur.