D. E. BRAINERD, Trustee, Appellant, v. J. H. KOFFMEAL et al., Appellees.

**BILLS AND NOTES:** Holdership in Due Course—Testimony Generating Jury Question. A jury question on the issue of holdership in due course of a negotiable promissory note is made by the explicit testimony of the trustee-plaintiff for the corporate indorsee that he had sole charge of the negotiations attending the purchase of the note, and that he had no notice whatever of any infirmity in the note; *and this is true even though he did not call all the other officers of the corporation to testify to their want of notice.* (See Book of Anno., Vol. 1, Sec. 9519, Anno. 16 *et seq.*)

Headnote 1:   8 C. J. p. 1062.

*Appeal from Crawford District Court.*—E. G. ALBERT, Judge.

DECEMBER 15, 1925.

ACTION upon a negotiable promissory note. Verdict and judgment for the defendants. Plaintiff appeals.—*Reversed.*

*Hess, Crary & Marshall, Hess, Crary & Crary, O. D. Nickle,*
and *T. V. Walker,* for appellant.

*P. W. Harding* and *Andrew Bell,* for appellees.

STEVENS, J.—The note in suit was executed March 8, 1920, by the Home Auto Company, of Charter Oak, Iowa, a copartnership composed of J. H. Koffmeal *et al.,* to P. H. Pilchard, who, on or about March 20th, transferred it to the Citizens National Bank of Wayne, Nebraska, of which appellant is president, as collateral security for a loan in favor of Pilchard. The defense set up to the note was fraud in its inception. Appellant, who brought the action as trustee for the bank, by way of reply pleaded that the bank purchased the note in due course, for value, before maturity, and without notice of defects in the title of the holder thereof. At the conclusion of the testimony, both parties moved for verdict, and both motions were overruled. The court submitted to the jury only the issue of fraud, and refused to submit the issue of *bona fides* on the part of the bank, thereby making the note subject to the defense of fraud.

Two propositions are relied upon for reversal: one, that the evidence was insufficient to establish fraud in the inception of the note, and the other that the court committed error in failing to submit to the jury the issue as to the *bona fides* of the bank. As the judgment must be reversed on the other ground, we shall not discuss the sufficiency of the evidence to make out appellees' charge of fraud.

It appears from the evidence without conflict that, on or about March 20th, the payee, Pilchard, applied to the Citizens National Bank of Wayne, Nebraska, which is about 50 miles from Sioux City, where he resided, for a loan of $7,500, proposing to secure the same by depositing farmers' notes as collateral. Among the notes listed was the one in suit. Part of the negotiations were carried on between Pilchard and the bank by telephone, and part by correspondence. Appellant alone, in all of these transactions, acted for the bank. Pilchard and Brainerd were not at that time personally acquainted. Property statements were sent to the bank, showing the financial condition of Pilchard and of the makers of the several notes offered as collateral security for the proposed loan. After some investi-

gation by the bank of the property statements, the loan was consummated. Pilchard did not pay his note at maturity, whereupon demand was made by the bank of appellant for payment of the note in controversy. Appellees refused to pay the note, upon the ground that no consideration was received therefor and that Pilchard had fraudulently negotiated it. Brainerd, appellant, alone took the stand upon the trial, to testify to facts and circumstances showing the good faith of the bank. He testified that he personally conducted all of the negotiations with Pilchard, and that he knew nothing of the facts relied upon by appellees to show fraud. He further testified that the application of Pilchard for the loan was talked over by him with the loan committee of the bank, to which he submitted the property statements sent to the bank, and that the decision of the board to make the loan was unanimous. Wayne, Nebraska, is more than 100 miles from Charter Oak, Iowa, where the members of the Home Auto Company resided and the business thereof is transacted. Brainerd was personally acquainted with Koffmeal, one of the defendants, and had resided at Ute, which is near Charter Oak, some months prior to the transaction with Pilchard. There is no claim that any of the other officers of the bank was acquainted with any of the parties to the note, nor is it claimed by appellant that the proof offered in behalf of the bank is conclusive in its favor, or that the motion for a directed verdict should have been sustained on this ground. It is, however, contended that appellant was entitled to have the issue of the bank's good faith submitted to the jury. This contention presents a phase of the law of negotiable instruments not often present in actions thereon. The issue usually presented is as to the right of the plaintiff to have a verdict directed in its favor because of the conclusiveness of the showing made by the proof on the question of *bona fides,* or because of the alleged insufficiency of the evidence to establish fraud. Under the Negotiable Instrument Law, where fraud is established, the burden is cast upon the plaintiff who claims to be a holder in due course for value without notice of defenses to prove this fact. Our attention is called to no decision by this court in which the failure of the plaintiff who claims to be a good-faith purchaser of negotiable paper to call all the members of the partnership, or

the officers of a corporation, as the case may be, to deny notice of defenses, takes that issue from the jury.

The earliest case in this state bearing upon the question is *Frank & Darrow v. Blake,* 58 Iowa 750. The plaintiff in that case was a copartnership. The member who transacted the business and purchased the note there involved, alone testified on the subject of notice. A verdict was returned by the jury for the defendant. The plaintiff appealed, contending that the proof offered in its behalf was *conclusive* on the subject of notice. The court held that such was not the case; that it was necessary for the plaintiff to show by each member of the partnership that it purchased the note without notice of defects,—and refused to disturb the verdict. The question as to whether plaintiff was entitled to go to the jury without offering the testimony of the remaining members of the partnership was not involved in that case. In all subsequent cases in which the question here presented was in any way involved, we have held that, where the member of the partnership or the corporation who transacted the business denied notice of the fraud, in the absence of other facts and circumstances such as might possibly arise, the issue was for the jury, and that a question of law was not presented. *Perkins v. Evans,* 61 Iowa 35; *Commercial Bank of Essex v. Paddick,* 90 Iowa 63; *Bennett State Bank v. Schloesser,* 101 Iowa 571; *McNight v. Parsons,* 136 Iowa 390; *Cox v. Cline,* 139 Iowa 128; *Perry Sav. Bank v. Fitzgerald,* 167 Iowa 446; *In re Estate of Philpott,* 169 Iowa 555; *Merchants Nat. Bank v. Grigsby,* 170 Iowa 675; *Connelly v. Greenfield Sav. Bank,* 192 Iowa 876; *McLaughlin-Gormley-King Co. v. Hauser,* 195 Iowa 224; *Central State Bank v. Peoples Sav. Bank,* 196 Iowa 43; *First Nat. Bank v. Dutton,* 199 Iowa 468.

As bearing further upon the question, see, also, *Montrose Sav. Bank v. Claussen,* 137 Iowa 73; *Arnd v. Aylesworth,* 145 Iowa 85. The rule as to the quantum of proof necessary to make out a case for the jury in actions upon negotiable instruments is the same as in other cases in which the plaintiff has the burden. The sufficiency of the evidence to raise a question of law and to entitle the plaintiff to a directed verdict in such actions is an entirely different matter. Here, the issue was as

to plaintiff's right to have the question of the bank's *bona fides* submitted to the jury.

We think the facts and circumstances disclosed by the evidence sufficient on this point.  Judgment reversed.—*Reversed.*

FAVILLE, C. J., and EVANS, DE GRAFF, and VERMILION, JJ., concur.