ELIZABETH BLENNERHASSETT, Appellant, v. THE INCORPORATED TOWN OF FOREST CITY, AND HARRY RIDER, Street Commissioner of Said Town, Appellees.

Claimed Alley: *Injunctive relief against interference with occupant.* One occupying land claimed by a city as a public alley is entitled to injunctive relief against the city's threatened interference, without showing adverse possession or title by grant, where it appears that there has been no alley, or that it has been vacated, or that the city is estopped to claim the land as an alley.

ADVERSE POSSESSION. When the owner of a lot abutting on an alley takes possession of the alley under a claimed vacation thereof, there is a sufficient basis for the claim of adverse possession.

*Estoppel to claim irregularly vacated alley.* Though the proceedings by a city to vacate an alley are not strictly regular, the city is thereafter estopped to claim title to the alley against one improving it in reliance on such vacation.

*Same—limitations.* A town may estop itself from opening an alley which has been occupied for many years by private person under claim of right, though limitations will not run against it to prevent the exercise of its governmental functions.

Platting: EQUALS DEED. The platting of ground, and the designation thereon of certain tracts as streets and alleys, are equivalent to a deed in fee simple thereof to the public.

ABUTTER ON PLATTED ALLEY: *Boundaries.* The purchaser of a lot abutting on a platted alley takes to the lot line, and not to the center of the alley.

*Appeal from Winnebago District Court.*—Hon. C. H. Kelley, Judge.

Friday, October 24, 1902.

Suit in equity to enjoin defendants from opening an alley in defendant town, which plaintiff has improved, used, and occupied for many years. The defendants claim that plaintiff was unlawfully obstructing the same, and that it was their duty to open and improve it for the benefit of the public. The case was tried to the court, resulting in a decree dismissing plaintiff's petition, and she appeals. —*Reversed.*

*L. S Butler* and *L. O. Hatch* for appellant.

*Geo. D. Peters* and *Andrew Miller* for appellees.

Deemer, J.—In the year 1857 the town of Forest City was platted by the owners of the soil on which the town now stands. The land so platted was divided into lots and blocks in the ordinary manner, and said plat shows an alley 33 feet wide running east and west through block No. 49. The west half of this alley was between what was denominated lot 3, on the north line, and lot 6, on the south side thereof. Appellant's husband became the owner by purchase of lot 3 in the year 1871, and he sold the same to his wife, the plaintiff herein,

February 11, 1884. Her deed was not recorded, however, until March 25, 1895. Appellant also became the owner of 22 feet on the north side of lot 6 by deed of conveyance dated September 19, 1879. The dedication of the alley in question by the original proprietors was never accepted by ordinance, and, if there was any acceptance thereof, it is to be implied from use thereof. Some time prior to the year 1880 the plaintiff and her husband fenced the west end of said alley, set out trees and shrubbery, and established a private driveway thereon; dug a well, built a summerhouse, and otherwise used and improved it as a constituent part of the property owned by them on either side of the platted alley. They were not disturbed in their possession which was continuous and without interruption, until about June 8, 1899, when defendants caused a notice to be served on plaintiff—her husband having died in the meantime—to remove the fences and all other obstructions from said alley. After receiving said notice, she commenced this action to restrain defendants from interfering with her possession of the property. Defendants contend that plaintiff never in fact owned any part of said alley, and has no title on which to base a claim of adverse possession; that the alley was duly accepted by the public; that the statute of limitations will in no event run against a municipality; that there are no facts in the case constituting an estoppel; and that appellant's claim has not been in good faith, but in recognition of the alley. On the other hand, plaintiff denies that the town ever accepted the dedication of the alley; says that, if it ever was accepted, it was abandoned, both by express act of the town, and by conduct from which an abandonment or vacation should be inferred; that plaintiff put large expense upon the property with full knowledge on the part of the town, and that the town is now estopped from asserting that it is a public alley; that both she and her husband claimed the property as theirs, not only under their deeds, but by

reason of the vacation thereof by the board of supervisors of Winnebago county and by the town council of the defendant town.   These are the issues on which the case was tried in the lower court, and upon which it must be determined here.

It must be conceded that plaintiff has neither the legal nor the paper title to the portion of the alley in dispute, unless that title has been acquired by adverse possession, or by an estoppel, which, under the facts disclosed by this record, is akin to adverse possession.   The platting of the ground, and the designation thereon of certain tracts as streets and alleys, was equivalent to a deed in fee simple thereof to the public; and the purchaser of lots abutting thereon took only to the lot line, and not to the center of the alley or street.   Code 1851, section 637; *Milburn v. City of Cedar Rapids*, 12 Iowa, 247.   An abutting property owner might, however, so use or occupy the street or alley under a claim that it was covered by his deed as to hold it by estoppel or adverse possesison.   *Uptagraff v. Smith*, 106 Iowa, 385, and cases cited.   While there was undoubtedly a dedication of the entire alley in question to the public, there was no formal acceptance thereof by the town; nor has the municipality ever expended any money thereon, or done anything to fit it for public use.   True, there is evidence that before plaintiff and her husband purchased the adjoining lots there was some travel over and through the block, and near to, along, and across this alley; but there was no definite line of travel, and, as one of the witnesses expressed it, "it was done just the same as a person would drive across the prairie when he wishes to."   We doubt very much whether there has been such an acceptance of the dedication as the law requires.   *City of Waterloo v. Union Mill Co.*, 72 Iowa, 437; *Orr v. O'Brien*, 77 Iowa, 253; *Town of Cambridge v. Cook*, 97 Iowa, 599.   But however that may be, in January of the year 1880 the town council of the defendant town attempted to vacate

the said alley, and we find the following in the record book of its proceedings: "On motion, the question of vacating the alley running through block 49 in Forest City, Iowa, was taken up, and after consideration, there being no objections, the same was ordered vacated; said vacation to be in full force and effect after the publication of this notice in the Winnebago Summit" This was signed by the mayor and attested by the recorder. The following notice was also published in a weekly newspaper of the town: "At a regular meeting of the town council of the incorporated town of Forest City, Iowa, held on Thursday·evening, January 1, 1880, the following motion was unanimously adopted: On motion, the question of vacating the alley running through block 49 in Forest City, Iowa, was taken up, and after consideration, there being no objection, the same was ordered vacated; said vacation to be in full force and effect after the publication of this notice in the Winnebago Summit. Signed A. H. Chase, Recorder. Dated January 1st, 1880." It may be that these proceedings were not strictly regular, but they do at least indicate an intention on the part of the city to abandon the alley; and, in view of what follows, it will be seen that this proceeding, coupled with plaintiff's use and improvement of the property, is sufficient to constitute an estoppel on the city. In view of this holding which we shall hereinafter elaborate to some extent, it follows that plaintiff is not required to show such claim of right or color of title to property as would be necessary to establish a claim of adverse possession. At the time this action was commenced, she was in the peaceable, uninterrupted enjoyment of the property. No one except the town, was contesting either her title or possession, and its claim was to an alley through property which plaintiff had improved and was occupying. It is not enough for the town, under such circumstances, to show that plaintiff had no title. She was entitled to protect her possession against any undue interference by the town under its claim in this case,

although she had nothing more than the naked possession of the property.   Even if the city had accepted the alley, it had power to vacate the same, and although its action in respect of vacation was irregular and imperfect, plaintiff had the right to rely thereon; and the town could not stand by and see her make valuable improvements on the property, use and occupy it as her own, and at the same time insist that its action in vacating the alley was irregular and of no effect.   A court of chancery will not tolerate any such proceedings.   Defendant suggests that, even if there was a valid vacation, the title reverted to the original owner of the soil, who made the plat, and that plaintiff took nothing therefrom.   Let it be conceded that the land did revert as claimed; the question then arises, what authority did this give defendant to tear down and destroy plaintiff's improvements?   It had no right to interfere with plaintiff's prior and peaceable possession unless it could show that an alley existed, which it was its right as well as its duty to open.   If there is no alley, or if the alley had been vacated, or if defendant is estopped from asserting that there is an alley at the point in question, plaintiff is entitled to the relief she asks, although she may not be able to show title by grant or by adverse possession.   Where the threatened wrong is to a possessory title, it is sufficient, as against a wrongdoer, to allege and prove possession.   *Hooksett v. Manufacturing Co.*, 44 N. H. 105; *Parker v. Hotchkiss*, 25 Conn. 321; *Dorcey v. Patterson*, 7 Iowa, 420; 21 Enc. Pl. & Prac. pp. 823--825, and cases cited; *Town of Cambridge v. Cook, supra.*  This in itself is a sufficient answer to defendant's contention that plaintiff has no title to the alley in question.   Aside from this, however, it is shown that there was an attempt by the board of supervisors of Winnebago county—before, as we understand it, the town of Forest City was incorporated—to vacate the same alley; and it is shown by the testimony, which is practically uncontradicted, that both plaintiff and her husband claimed title to the alley under

the alleged vacation, and took possession thereof and made improvements thereon accordingly. This in itself would be sufficient basis for a claim of adverse possession, and enough to justify a court in holding that defendants were estopped from claiming title to the alley. *Montgomery County v. Severson*, 64 Iowa, 326; *Tracy v. Newton*, 57 Iowa, 210. Claim of right is alone sufficient, according to all our decisions.

II. We have many times decided that the statute of limitations will not run against a municipality to prevent the exercise of its governmental functions, but have just as often held that a town or city may estop itself from opening a street or alley which has been occupied for many years by a private person under claim of right.

We have seen that plaintiff is in position to avail herself of this estoppel, in the event the facts justify the application of the rule. That they do is apparent from what has already been said. Since the year 1880 plaintiff and her husband have continuously used and occupied the premises under a claim of right. They have set out trees, which have grown to considerable size; have planted shrubbery, built a summerhouse, dug a well, erected valuable fences, constructed a private driveway, and otherwise beautified and enhanced the value of the entire premises. During all this time the town has looked on, taking no action to prevent it, but apparently relying on its effort at vacation, until about the time this action was commenced, when, for some reason not fully explained, it suddenly concluded that here was an alley over the property, which had lain dormant for 19 or more years, and which the exigencies of the occasion demanded should be opened. This presents, to our minds, a very clear case of estoppel. See authorities heretofore cited.

The decree of the district court is reversed, and the cause remanded for a decree in harmony with this opinion, or, at plaintiff's option, she may have such a decree in this court.—REVERSED.