RHINEHART KLINKEFUS, Appellant, v. JOHN VANMETER.

**Boundaries:** ACQUIESCENCE: ESTOPPEL.    Where one in the construction of his fences, erection of buildings and planting of trees, has asserted title to a boundary line which has been known and acquiesced in for a period of more than ten years, by an adjoining owner, such owner is estopped from afterward questioning the correctness of this boundary, even though a mistake was made in the exact location of the line by the government surveyors.

*Appeal from Shelby District Court.*—HON. A. B. THORNELL, Judge.

TUESDAY, JANUARY, 26, 1904.

ACTION in equity to enjoin the maintenance by defendant of a fence obstructing a highway adjoining plaintiff's premises.    The issue raised by defendant was as to the true location of the highway, his contention being that it was in fact located on land claimed by plaintiff, and that the highway as contended for by plaintiff was in reality a part of defendant's premises.    Decree for defendant.    Plaintiff appeals.—*Reversed.*

*Thos. H. Smith* for appellant.

*Byers & Lockwood* for appellee.

McCLAIN, J.—The farms of plaintiff and defendant, to which the controversy in this case relates, lie opposite to each other, on the south and north sides, respectively, of a section

line, along which has been located a highway. Defendant has, by recent change of fence along his south line, included a strip of land over which, as plaintiff contends, the highway is located, the claim of defendant being that the highway is south of his fence as recently constructed, and upon the land claimed by plaintiff as his own. The real dispute, therefore, is as to the location of the section line. Not long before the bringing of this suit, defendant caused a survey to be made by the county surveyor, who, starting from what he considered to be the northeast and northwest corners, as fixed by the government surveyor, of the section in which defendant's land is situated, and measuring the section lines south from such corners, found that, in his judgment, the line between plaintiff's and defendant's land was enough further south of the line contended for by plaintiff to throw substantially the entire width of the highway upon the land claimed by plaintiff as south of the boundary line between his premises and the highway; and defendant is now insisting on maintaining his fence in accordance with this new survey. The evidence shows beyond question that the line contended for by plaintiff was located with reference to certain stakes and marks which by plaintiff and others were supposed to indicate the line as fixed by the government surveyor; and we have therefore the question, which often arises, whether a new survey based on independent measurements made in accordance with the directions of the original field notes shall prevail against the actual location on the ground of a given line by the original surveyor, or, rather, we would have such a question if there was any satisfactory evidence as to where the original section line in controversy was actually located. We are compelled to admit, however, that the evidence on this point is extremely uncertain. But the fact that the new surveyor found that, if the line contended for by plaintiff is correct, defendant's land falls short of the quantity called for by the original survey, does not, in our opinion, furnish any very conclusive argument that the line should be located further south for the purpose of giving defendant the right amount

of land. It does not appear that plaintiff claims any more land than the original survey calls for. The real question, of course, is, where did the government surveyor actually locate this section line? And we are by no means satisfied that it was located where the new surveyor has sought to establish it.

We think, however, this case may be decided on satisfactory principles without settling the controversy as to the actual location of the original line. It appears that, for more than fifteen years before the bringing of this suit, plaintiff had inclosed and improved his premises with reference to what he notoriously asserted to be the correct boundary line between his premises and the highway. The travel on the highway was perhaps not along any very definite or well-ascertained line, for it was not for any great distance either way confined within fences; but plaintiff inclosed what he claimed to be his land up to the assumed highway boundary, and planted a grove and built a house with reference to such boundary, and the travel was north of this assumed boundary until the defendant recently interfered therewith by his fence. Defendant and his grantors have had knowledge of this claim of plaintiff for more than ten years, and have acquiesced in it. Defendant constructed a fence along or near the south line of his premises (that is, the boundary line between his premises and the highway), and recognized the highway as determined by the line claimed by plaintiff until within a year of the time of the bringing of this suit; and then for the first time did he contend that the highway, as traveled, was on his land, and seek, by placing his fence further south, to throw the travel upon plaintiff's land. It seems to us that knowledge on the part of defendant and his grantors for more than ten years, without objection, as to plaintiff's claim, constituted such acquiscence therein as to give plaintiff good title by adverse possession up to the extent of his assertion of title by the making of his improvements. This would bring the case within the rule laid down in *Miller v. Mills Co.*, 111 Iowa, 654, and the numerous

cases in which this court has applied the doctrine of that case—especially the recent case of *Buch v. Flanders,* 119 Iowa, 164. Plaintiff was not simply asserting title to some indefinite and uncertain section line as it might subsequently be established by some new surveyor, and changed as often as the views of the successive new county surveyors with reference to what they should think to be the correct section line, but he was occupying and asserting title with reference to a specific and definite line, and such occupancy and title for ten years fixed his boundary line by adverse possession. Whether the defendant and his grantors were mistaken as to the location of the real line as fixed by the surveyor is immaterial. They were not mistaken as to the fact that plaintiff, constructing his fence, planting his grove, and building his house, was asserting title to the line as claimed by him, and their acquiescence in that assertion for ten years estops them from afterwards questioning the correctness of this boundary.

We can reach no other conclusion under the evidence than that the decree of the lower court was wrong, and it is therefore REVERSED.