DAVID H. ANDERSON, Appellant, v. J. Y. BUCHANAN and MARY BUCHANAN.

**Boundaries:** TITLE BY ADVERSE POSSESSION. Where one has claimed title and occupied the premises up to a defined line for a period of ten years and at no time conceded that such line was not the true boundary, the bare statement that he claimed only the property covered by his deed and abstract, but with no showing that he knew where the lines were as called for by his deed, will not defeat his title acquired by such occupancy with acquiescence of the adjacent owner up to such defined line, irrespective of the description in his deed.

**Same:** ESTOPPEL. Where the representations of an adjoining landowner that the premises purchased extended to a defined line induced the purchase, the adjoining owner cannot thereafter claim that the purchaser's title does not extend to such line.

*Appeal from Jackson District Court.*—HON. A. P. BARKER,
Judge.

MONDAY, JUNE 8, 1908.

REHEARING DENIED TUESDAY, OCTOBER 27, 1908.

ACTION to quiet title to real property.   There was a
decree for the defendants, from which plaintiff appeals.
—*Affirmed.*

*Thomas & Thomas* and *Keck & Keck,* for appellant.

*W. H. Palmer* and *Murray & Farr,* for appellee.

McCLAIN, J.—Plaintiff shows a good paper title
to the premises in controversy, which for present purposes
may be described as lot four, and a narrow strip about

1. BOUNDARIES: title by adverse possession.

five or six feet wide along the south side
of lot three, adjoining it on the north in
block twenty-two of Goodnow's addition to
the city of Maquoketa.   Plaintiff occupies with his house
and barn the principal portion of lot three and all of lot
two, while defendant has unquestioned title to property
south and east of the disputed territory.   Defendant's
paper title does not cover any portion of lots three and
four, but he claims that, when he purchased his premises
lying south and east of the disputed territory as above
indicated, plaintiff represented to him that the premises
so purchased extended to a certain fence then and still in
existence, which is, in fact, five or six feet north of the
south line of lot three, and defendants claim to have
been in possession to this fence from the time of their
purchase, more than ten years prior to the bringing of this
suit; such possession and occupancy of the defendants
being with the knowledge and acquiescence of the plain-

tiff. The only response which plaintiff makes to these claims of defendants is that within ten years after acquiring title the defendant J. Y. Buchanan, holder of the legal title, stated in the presence of plaintiff to the city attorney, who was investigating the lines of an adjoining street, that he made no claim to any other property than that covered by his abstract and deed. It does not appear that, when this statement was made, said defendant knew where the lines were which were called for by his deed which described his premises, not by lots and blocks, but by metes and bounds, with reference to a starting point at some distance from the boundary of the premises in controversy. There is no showing that said defendant did not at all times claim title to and occupy the premises up to the fence, or that he at any time conceded that the fence was not the real boundary. Under these circumstances, we are satisfied that defendants by occupancy up to the fence for more than ten years with the consent and acquiescence of plaintiff acquired title irrespective of the description in his deed.

Moreover, the claim of defendants that plaintiff is estopped by his representations at the time the defendants acquired their title from now claiming that such title *2. SAME: estop-* does not extend to the division fence is well *pel.* founded. It was by negotiations through the plaintiff with the owner of the premises that defendants acquired their title, and plaintiff, having induced the purchase by defendants by representations to them as to the boundary, cannot now assert an adverse claim to any portion thereof.

The decree of the trial court is therefore *affirmed.*