J. L. JONES ET AL., Trustees of Yellow Spring Township, Des Moines County, Iowa, Appellants, v. JOHN W. THIE, Appellee.

**Highways:** HEDGE FENCES: TRIMMING: ACTION TO ENFORCE SAME:
1 PLEADING AND PROOF. The statute requiring the trimming of hedge fences along public highways directs the road supervisor to see that it is enforced, except where the one district system for the township has been adopted and then the duty devolves upon the trustees; but where the trustees may maintain an action to compel the trimming of a hedge by the landowner, which is not conceded, they must allege and prove the adoption of the one district system.

**Same:** NUISANCE: EVIDENCE. Conceding that township trustees in
2 their official capacity may maintain an action to require the
trimming of highway hedges, on the ground that they are a
public nuisance, the evidence on that question in the instant
case is sufficient to support an adverse finding, and the judg-
ment will not therefore be disturbed on appeal.

*Appeal from Des Moines District Court.*—HON. JAMES D.
SMYTH, Judge.

WEDNESDAY, FEBRUARY 17, 1909.

THIS is a suit in equity by the plaintiffs as trustees
of Yellow Spring township, Des Moines County, Iowa.
The relief prayed for is a mandatory injunction. Decree
for defendant. Plaintiffs appeal.—*Affirmed.*

*Power & Power,* for appellants.

*Seerley & Clark,* for appellee.

EVANS, C. J.—The plaintiffs are township trustees.
They purport to bring this action in their official capacity.
The defendant is the owner of a farm which abuts on the
south line of an east and west highway in the township.
Near the north line the defendant maintains an osage
orange hedge, which runs parallel with the highway at a
distance of from five to seven feet south of its south line.
The purpose of this action on the part of the plaintiffs is
to compel obedience on the part of the defendant to the
provisions of section 1570 of the Code Supplement of
1902, which is as follows: "Sec. 1570. Owner of osage
orange . . . or any other hedge fence along a public
road shall keep the same trimmed by cutting back within
five feet of the ground at least once in two years when
so ordered by the trustees of their respective townships
. . . Upon a failure to comply with the foregoing

provision the road supervisor shall immediately serve a notice in writing upon the owner of the hedge to trim the same, and if he fails to do so for sixty days thereafter, said supervisor shall cause the same to be done. . . . Where the one district system is adopted . . . it shall be the duty of the township trustees to enforce the foregoing provision." The contention of the plaintiffs is that the defendant has failed to trim his hedge as required by this statute, notwithstanding that they served written notice upon him sixty days before the commencement of this suit. The contention of the defendant is that the plaintiffs are not entitled to maintain this action in any event. He further contends that his hedge is not a fence within the meaning of the statute; that it is not sufficiently dense for that purpose; that it consists of stems which are several feet apart in most places; and that it is not upon the line of the highway. He especially urges that there is neither allegation nor proof on the part of the plaintiffs that the "one district system" is adopted in the township, and that they have no duty to perform in the enforcement of such statute.

I. It will be observed from the statute quoted that the duty of enforcing its provisions is laid primarily upon the road supervisor. No duty of enforcement is imposed upon the township trustees, except where the one district system is adopted. We see no escape from the conclusion that it was incumbent upon the plaintiffs to plead and prove that such system was adopted in that township. It is urged by the plaintiffs that such fact appears by fair inference in their petition, and that, in the absence of attack thereon, the court ought to put such a construction upon it. If we should concede the claim urged, it would not cure the absence of evidence on the question. It is also urged by counsel that the case was tried in the court below on the theory that no

1. HIGHWAYS: hedge fences: trimming: action to enforce same: pleading and proof.

proof was necessary on that question, and that the same theory should be adopted here. We have heretofore gone to some length in this direction in support of the judgment of the lower court. We would not, however, be warranted in assuming facts not proved for the purpose of reversing a judgment of the lower court. We must hold that the plaintiffs have failed to show that any duty has been imposed upon them to enforce the provisions of the statute in the case at bar. We may say, further, that we know no rule that will warrant the township trustees as such to maintain an action for a mandatory injunction in such a case.

II. The plaintiffs have incorporated in their petition a second count, wherein they charge that the hedge as maintained by the defendant is an obstruction of the highway and constitutes a public nuisance as

2. SAME:
  nuisance:
  evidence.

such, and they ask that the same be abated. Without holding that plaintiffs occupy any better standing on this count than on the first, we may say that the evidence on this feature of the case is more or less conflicting. It is doubtful whether any of the evidence shows an obstruction of the highway within the meaning of the nuisance statute. In any event, the lower court was warranted in finding adversely to the plaintiffs on the evidence. We may say in this connection, also, that the plaintiffs seem to ask equitable relief on this count solely by virtue of their official capacity. They do not bring the action as private individuals suffering some special damage from the alleged nuisance distinct from damage suffered by the general public. No authorities are brought to our attention which support such a proceeding, and it may well be doubted whether it can be maintained at all. In any event, the adverse finding of the lower court is supported by the evidence. . The judgment below is *affirmed*.