J. L. FORD, JOHN KING, BEN VAN LANGDEN, as Trustees of Liberty Township, Hamilton County, Iowa, and BEN WELP as Highway Supervisor or Road Superintendent of Liberty Township, Hamilton County, Iowa, and of District No. 4 in said Township, v. F. D. DOOLITTLE, R. L. DOOLITTLE and J. F. SCHWANDT, Appellants.

**Highways:** REMOVAL OF OBSTRUCTIONS: PARTIES. A township road supervisor has authority to maintain an action to remove an obstruction from a highway, and where he joins with the township trustees as plaintiff, the right of the trustees to maintain the action is immaterial.

**Same:** ADVERSE POSSESSION: ESTOPPEL: EVIDENCE. Title to a highway
can not be acquired by adverse possession, although inclosed by fences and occupied by adjoining owners for more than ten years; but a highway may be so occupied that the public will be estopped from claiming it. In the instant case the evidence is held insufficient to estop the public from claiming the highway.

**Same:** REMOVAL OF OBSTRUCTIONS: INJUNCTION. Where a landowner assisted in erecting an obstruction in the highway, and a codefendant asserted that it would have been replaced if removed by the road supervisor, they were properly enjoined from interfering with the highway upon removal of the obstruction by the supervisor.

*Appeal from Hamilton District Court.*—HON. CHAS. E. ALBROOK, Judge.

FRIDAY, NOVEMBER 15, 1912.

ACTION to require defendants to remove an obstruction from the highway resulted in a decree as prayed. Defendants appeal.—*Affirmed.*

*D. C. Chase,* and *Wm. Whisler,* for appellants.

*Wesley Martin,* for appellees.

LADD, J.—The plaintiffs, Ford, King, and Van Langden, are the trustees of Liberty township, in Hamilton county, and Welp, the highway supervisor or road superintendent in and for said township and in this action, seek to enjoin the defendants from obstructing an alleged public highway between sections 22 and 23 thereof. It appears that F. D. Doolittle owned the N. W. ¼ of section 23 and A. P. Doolittle the S. E. ¼ of the same section. Since the beginning of the action the latter departed this life, and his sole heir, Electa F. Doolittle, was substituted in his stead as party defendant. The defendant Schwandt owned the E. ½ of the S. W. ¼ of section 15, and the E. ½ N. E. ¼

and a part of the N. E. ¼ S. E. ¼ of section 22 of the same township. The highway record in the county auditor's office indicated that a road had been established along the line between sections 22 and 23 as early as 1880, and had not been vacated. There was a pond or slough near the center north and south, and the road was graded through this in 1884, and again ten years later, and seems to have been traveled until 1896. Fences had been constructed on each side in 1884. In 1897 a fence with a gate in it was erected across the north end of the space set apart for a highway between the sections, and thereafter across the south end, with a gate in it, but later this gate was removed, and two fences constructed near the middle. The strip has been used since for hay or pasturage, though occasionally teams have been driven at least part way through, and then, the fence being torn down, through the adjacent field.

In August, 1909, F. D. Doolittle, with the assistance of R. L. Doolittle and another, set the fence on the east side over to the center of the highway on the section line, and, upon being notified by an officer to discontinue its construction and remove the fence, completed it, and thereafter, on being interviewed by plaintiffs, refused to remove it, though expressing a willingness to bide any order which might be made by the courts and this is the attitude of Schwandt, there being no doubt that, had the road supervisor removed the fence, these parties would have replaced it. Nothing had been done by the public on the road since 1894, and it was included in a drainage district wherein the benefits to three miles of highway were assessed at $495.70. The evidence tends to show that the water from the pond or slough has been drained by the improvement and the road may now be worked, and also that F. D. Doolittle circulated a petition along in 1895 or 1896 "praying that the road be opened." In this suit plaintiffs ask that defendants be required to remove the fence obstructing the highway, and enjoined from interposing like future

obstructions. Plaintiffs dismissed as to Electa F. Doolittle, and the relief prayed was granted as to the other defendants.

Their first contention is that plaintiffs can not maintain the action. As to Ben Welp, the road superintendent, this court held otherwise in *Myers v. Priest,* 145 Iowa, 81.

1. HIGHWAYS: removal of obstructions: parties.

*See Patterson v. Vail,* 43 Iowa, 142. This being so, it is unnecessary to determine whether such an action might also be maintained by the other plaintiffs.

Even though the highway may have been inclosed by the cross-fences and occupied by the abutting owners more than ten years, title was not acquired thereto by adverse possession. *Rae v. Miller,* 99 Iowa, 650; *Biglow v. Ritter,* 131 Iowa, 213; *McElroy v. Hite,* 154 Iowa, 453.

2. SAME: adverse possession: estoppel: evidence.

But a highway may be so occupied by the abutting owner that the public will be estopped from claiming it. *Davies v. Huebner,* 45 Iowa, 575; *Orr v. O'Brien,* 77 Iowa, 253; *Smith v. Gorrell,* 81 Iowa, 218; *Rector v. Christy,* 114 Iowa, 475. In the first three of these decisions, the portions of the highway in dispute had never been traveled. In *Rector v. Christy,* the road was changed in location and a portion of the former highway, not in the new location and not in the line of travel, was included in the field of the abutting owner for a period of more than ten years, and the public was held to have abandoned it. In *Heller v. Cahill,* 138 Iowa, 301, and *Lucas v. Payne,* 141 Iowa, 592, also relied on by appellant, the public had never used the road. In the case at bar the highway had been opened, and, though there was a slough or pond near the center north and south, it was graded through this in 1884, again in 1894, and was continuously traveled by the public until 1896. Thereafter travel practically ceased, probably owing to the marsh mentioned, but the fences which had been constructed on each side in 1884 were not disturbed until

1909, when the Doolittles moved that on the east side over to the center of the highway or on the section line, notwithstanding its objections interposed by the trustees and road superintendent. If there be any foundation for the contention that the highway has been abandoned, or that the public is estopped from claiming it as such, this must be owing in the erection of the cross-fences in 1897 and subsequent thereto. F. D. Doolittle built the fence across the north end, but put a gate in it for the convenience of those driving through, and this was maintained by him until 1909. The fence across the south end was erected by the road superintendent also with a gate, and evidently as a warning of trouble ahead, owing to the existence of the marsh. Later this gate was closed, and a couple of cross-fences constructed near the middle of the mile road, but this was much less than ten years previous to bringing the suit. If F. D. Doolittle was claiming the roadway, why did he leave a gate in the cross-fence through which the traveler might conveniently pass? Why were not the side fences removed and the strip of land inclosed with the fields of the respective owners? It continued to be occupied as a separate and distinct parcel of ground, and in a manner to plainly indicate that, if the public had ceased to use it as a highway temporarily, the owners of the fee were merely enjoying its economic use, and not claiming it as their own. Apparently what defendants did prior to 1909 was not intended to be permanent, but merely to enable them to make better use of the highway as a pasture. The erection of the cross-fences under these circumstances can not alone be said to be sufficient to warn the public of an adverse claim, especially as the particular road was but a portion of a highway extending several miles farther to the north and to the south, and therefore there was no sufficient basis for the pleas of abandonment and estoppel.

Counsel argue that the petition should have been dismissed as to Schwandt and R. L. Doolittle. The latter

assisted in the erection of the fence in the center of the

3. SAME: highway, and both asserted that, had the road
removal of superintendent removed the fence, they would
obstructions:
injunction. have replaced it; the former saying there
would have been a contest.

This being so, there was ground for enjoining inter-
ference on their part. The decree was right, and it is,—
*Affirmed.*