TOM PHILLIPS et al., Appellees, v. ISAAC CRAWFORD et al., Appellants.

**HIGHWAYS:** Obstructions—Trustee's Power to Enjoin. Township trustees may maintain an action to enjoin an obstruction of its

highway as *actually located and used*, even though such road is not, in fact, on the *legally* established line. In such action the legal boundary lines of the highway may not be adjudicated. (Sec. 1527-s17, Code Supp., 1913.)

*Appeal from Mitchell District Court.*—M. F. EDWARDS and J. J. CLARK, Judges.

NOVEMBER 29, 1920.

SUPPLEMENTAL OPINION MAY 3, 1921.

SUIT in equity by the plaintiffs, as trustees, to enjoin the obstruction by the defendants of a township highway, the defendants having erected a fence thereon. After the trial upon the merits, a decree was entered for the plaintiffs, and the defendants appeal.—*Modified and affirmed.*

*George E. Marsh*, for appellants.

*F. C. Bush* and *A. E. Brown*, for appellees.

EVANS, J.—The highway under consideration runs east and west, between certain Sections 10 and 15. The defendants owned land in Section 10, abutting on the highway on the north side. The highway in question was legally laid out along the section line between the two named sections in 1858, and the same has been in use as a highway ever since. The defendants and their predecessors in title have always maintained a fence along the supposed north line of said highway. Shortly before the beginning of this suit, the defendants moved a certain section of their fence to the south, to a maximum distance of 11 feet. This was done in the supposed discovery of error in the actual location of the highway upon the ground. The change of location of the fence made the fence line conform to a straight line between the section corners. The location of the section corners between Sections 10 and 15 is not in dispute. Each of them was found at its appropriate place in the center of the highway, as it was laid upon the ground. The quarter corner midway between the two section corners was not found. The evidence as to its true original location is very meager, indeed. The cen-

ter line of the highway as located upon the ground extending west from the southeast section corner of Section 10 bore slightly to the north of a straight line, until it reached a point midway between the two section corners. From that point it bore southerly, so as to embrace the southwest section corner of Section 10 within the center of the highway. In other words, the highway, as laid upon the ground between the two section corners, was not straight. Its slight curve to the north reached its maximum at a point midway between the two section corners. This curve could be justified only by the fact, if such, that the original quarter corner was located 11 feet north of a straight line between the two section corners. During the entire period since the legal establishment of the highway, fences on both sides have conformed to the location here described; likewise, more or less tree planting. During the same period of time, ordinary road work and some culvert work has been done thereon. The immediate occasion for the action of the defendants was that, shortly prior thereto, the county engineer had made a survey of the line between the section corners for the purpose of locating a culvert, and had thereby disclosed the curve in the location of the highway. The defendants contend for the straight line between the section corners. The plaintiffs contend for the curved line, as originally located.

May the township trustees, as plaintiffs, under any circumstances and for any purpose maintain a suit to enjoin the obstruction of a highway? We put the question in this way because, if it be answered in the affirmative, it would give the plaintiffs a standing in court, even though they asked more and obtained more than is implied in our question.

In *Jones v. Thie,* 141 Iowa 293, we denied the right of township trustees to maintain an action for a mandatory injunction to compel a landowner to trim his trees along the highway. We rested this holding in part upon the ground that the trustees were not shown to be under duty to see that trees along the highway were properly trimmed, in that such duty rested primarily, under the statute, upon the road supervisor.

In *Myers v. Priest,* 145 Iowa 81, we sustained the right of a road supervisor to maintain an action to enjoin an obstruction of the highway, on the ground that he was charged with the

statutory duty to prevent such obstruction, and was made liable for damages for failure to perform such duty.

In *Ford v. Doolittle*, 157 Iowa 210, we sustained again the right of a road supervisor to maintain such an action.

In *Heery v. Roberts*, 186 Iowa 61, we allowed the township trustees to litigate, at least defensively, the question whether an alleged vacation of the street was legally valid. In that case, we did not pass upon the question whether they could affirmatively maintain an independent suit, or whether they could maintain a cross-bill actually filed by them in the pending suit. The distinction between the statutory duty of a road supervisor and that of the township trustees is that no statutory penalty attaches to the failure of the trustees to perform their duty; whereas a penalty is enforcible against the road supervisor for failure of duty. The fair purport, however, of what we have held in the cited cases is that township trustees may, under some circumstances, maintain an action for injunction in aid of the performance of their statutory duties. In so holding now, we ought, doubtless, to define the scope of the adjudication which they may obtain in such a case. Such scope is necessarily a very narrow one. They are entitled to enjoin interference with the performance by them of their statutory duties; this and no more. They cannot adjudicate the legal boundaries of a highway in a mere suit between them and a contending landowner. That question can be adjudicated only by impleading all parties in interest, including the county and abutting landowners. Without such impleading the statutory duties of the township trustees must be deemed presumptively referable to the highway as actually occupied and improved. The duty thus imposed is a measure of public safety. It is a form of police duty. The obstruction of a traveled highway involves public peril, and this is no less so even if there be illegality in the establishment of the highway. The duty of the trustees is one of protection to the traveling public against the dangers of actual obstruction. It relates presumptively and *prima facie* to the highway in public occupancy. If it appear in such a case that the defendant has by force moved his boundary fence into such highway, then the burden of proving justification should rest upon him; and likewise, the burden of impleading proper parties to adjudicate the

question. The proper parties in interest were not impleaded in this case. The question, therefore, whether there was illegality or error in the establishment of the location of the highway could not be adjudicated therein. The only question left to be tried between the trustees and the defendants was whether the defendants did obstruct or threaten to obstruct, by the changing of their fences, the actual highway, which had been long occupied and improved by the public.

Within the limits of appropriate inquiry as between the parties actually before us, what are the facts? The defendants did construct their fence within the limits of the highway as it had been actually located and maintained for very many years. They did it under an assertion of right, and with a manifest determination to maintain it. It is enough to say that the defendants were not necessarily entitled to a highway upon a straight line. While a section line is theoretically straight, it is not, in fact, necessarily such. If it be assumed that the original quarter corner was located 11 feet north of a straight line between the two section corners, it would fully account for the actual location of the road. Divergence of location of quarter corners is not unusual. Indeed, it is sometimes said by expert surveyors to be the rule rather than the exception. In responding to their statutory duties, it was the right, if not also the duty, of the township trustees to assume *prima facie* that the location of the road conformed to the location of the original government corners. It was their duty, therefore, to keep the roadway free from dangerous obstructions until the error of location was established by appropriate adjudication. In view of the assertion of right on the part of the defendants, it was in the interest of the public peace that the trustees should ask the aid of an injunction in the performance of their duty, rather than to oppose force to force. The defendants are in no position to complain of that. To this extent, we sustain the right of action in favor of the trustees. The prayer of their petition, however, was broader than the ground here indicated. It may be doubted, also, whether the decree may not have been broader in the scope of its adjudication than here indicated, though it did withhold from the adjudication the question of the legality of boundaries.

Plaintiffs will be permitted to take decree enjoining the defendants from maintaining the obstruction and from interfering with the plaintiffs in their removal of the same, until such time as the defendants shall obtain an adjudication in an appropriate action of the alleged error in the location of the highway, and without prejudice to the defendants in prosecuting an action for that purpose. Upon motion of either party, decree may be entered in this court. To this extent, the decree entered below will be modified.—*Modified and affirmed.*

WEAVER, C. J., PRESTON and SALINGER, JJ., concur.

### Supplemental Opinion.

EVANS, C. J.—By petition for rehearing, our attention is directed to an assignment of error which was overlooked in our opinion. The decree of the trial court allowed plaintiff to recover attorney's fees. This allowance was erroneous, and should be eliminated. The decree is further modified in that regard. The petition for rehearing is otherwise overruled.