JOSEPH KOTZE, Appellee, v. T. J. SULLIVAN, Appellant.

No. 40049.

JUNE 23, 1930.

*John J. Kintzinger,* for appellant.

*Lyon & Willging,* for appellee.

STEVENS, J.—This appeal presents a controversy between the owners of respective 40-acre tracts of land, and involves the title to a narrow strip about 750 feet in length and 49 feet in  width at the widest place, which, according to the government survey, is cut off the north side of appellant's tract by a public highway, extending generally in an easterly and westerly direction. The parties, appellant and appellee, acquired title to their separate tracts by inheritance or purchase in 1887 and 1892, respectively, and have continuously occupied the same since the dates stated. The highway, which is 66 feet in width, was then in existence, and both tracts were more or less covered with timber. Appellant owns other land, and does not reside upon the 40-acre tract referred to. Immediately after having purchased the tract owned by him, appellee erected a log house, and moved onto his premises. Appellee has cleared and grubbed his land, and most of it has long been in cultivation. In 1914, he reconstructed the log house, and built a frame addition thereto. He has for many

years maintained a portion of the disputed strip as a part of his lawn, and has planted cedar trees, flowers, raspberry bushes, and other bushes thereon. Each party has at all times maintained a fence on his side of the highway. The fence of appellee was built as near to the edge of the highway as possible, and, therefore, inclosed all of the disputed strip. The highway between the respective premises has been worked, and is from three to four feet lower than the surface of the land on the north side thereof. The appellant testified that the fence erected by him on the south side of the highway was not intended to be on the line, but was only for the purpose of restraining his stock from escaping from the premises. About two years prior to the trial of this case below, he erected a new fence on the line, so as to leave 66 feet, the full width of the highway. Appellant has always resided in the immediate vicinity, and, as we understand the record, on a 40-acre tract east of appellee's. The exact location of his residence is not, however, material. In 1926, appellant caused a survey to be made of the section line which separates the original tracts. This survey disclosed that the disputed strip originally formed a part of appellant's tract. The line fixed by this survey is about 12 feet south of appellee's residence. After the survey was completed, appellant attempted to take possession of the disputed strip, the attempt resulting in the commencement of this action to restrain him from doing so.

Basing his contention upon the cross-examination of appellee, appellant claims that appellee erected his fence on the north side of the highway, assumed possession of the disputed strip, and has retained such possession and used and improved the same in the mistaken belief that such fence is located on the true division line between the two tracts, and without any intention on his part to assert title thereto by adverse possession. One of the indispensable elements to a claim to title to land by adverse possession is that it has continuously been occupied by such claimant for ten years, with the intention to assert such title. *Grube v. Wells,* 34 Iowa 148; *Jordan v. Ferree,* 101 Iowa 440; *Kahl v. Schmidt,* 107 Iowa 550; *Boltz v. Colsch,* 134 Iowa 480; *Anderson v. Buchanan,* 139 Iowa 676; *Evert v. Turner,* 184 Iowa 1253.

Appellee's assertion of title to the disputed strip is based upon both adverse possession and acquiescence. Appellee testified that he always believed that his fence was on the true line;

that he claimed to own the land deeded to him by his father; but that he did not claim to own any portion of the land in Section 24, in which the disputed strip is located. He did, however, in the course of his testimony, declare that he claimed to own the land to the highway. If, as stated, when taking possession of the disputed tract, appellee intended only to claim title to the true line, his occupancy thereof, no matter for what length of time, was not adverse. Construing the testimony of appellee as a whole, however, we think it fairly inferable therefrom that he at all times claimed title to the strip in controversy. It is not uncommon for the claimant in similar actions to admit that he did not intend to claim ownership beyond the true line, while at the same time he was asserting ownership of the particular land in controversy.

It is unnecessary in this case to base our holding on adverse possession alone. The evidence shows that appellee cleared the land occupied by him many years prior to the present controversy; that he improved the same, as stated, by the erection of a log house and the addition, in 1914, of a frame structure thereto; that he has maintained the fence in its present position for approximately 40 years; that he further improved his premises by planting cedar trees, shrubbery, and fruit close to the fence thereon. He has constructed two driveways from the highway onto his premises. If title to the tract in question were found to be in appellant, access to his land would be seriously interfered with. All of the improvements placed upon the tract by appellee were with the knowledge of appellant. It is claimed that there has always been uncertainty and dispute as to the true location of division lines in that vicinity. Many years ago, a survey was attempted by one Anderson, who was employed by appellee and others of his neighbors for that purpose. Upon a failure to locate the section corners, the survey was not completed. Appellant was not a party to this arrangement. The testimony is quite conclusive that appellee always claimed title to the strip in controversy. The facts disclosed would seem to bring the case within the holding of this court in *Klinkefus v. Vanmeter,* 122 Iowa 412, and *Buch v. Flanders,* 119 Iowa 164.

In addition to what has already been said, it seems to us that there has been full and complete acquiescence by appellant in the line marked by appellant's fence on the north side of the

 highway. ·Commencing with *Miller v. Mills County,* 111 Iowa 654, this court has continuously held that, where a line marking the boundary between adjoining owners is recognized as such for a period of ten years, and has been acquiesced therein for that period, such line becomes the true boundary, notwithstanding it is not the line fixed by government survey. The cases recognizing and applying this rule are too numerous in this state to require citation. It is true that the boundary line alleged to have been fixed by the fence of appellee adjoins a highway which separates the two tracts. This, however, is immaterial, and has no bearing or effect upon the question of acquiescence. *Quinn v. Baage,* 138 Iowa 426; *Buch v. Flanders,* supra; *Johnson v. City of Shenandoah,* 153 Iowa 493.

As stated, appellant at all times knew that appellee claimed to be the owner of the entire tract up to his fence on the north side of the highway, and that he was improving the same, either in the belief that such was the true line, or intending to assert title to all of the premises north thereof. The record disclosed no protest on his part for a period far exceeding ten years. The tract can have little or no market value, if severed from appellee's land. This, of course, is not a decisive factor in the case, but it does bear, to some extent at least, upon the disposition and intention of appellant with reference to the claim he now asserts.

It is our conclusion, from the record as a whole, that acquiescence on the part of appellant in the line, as claimed by appellee, is fully and abidingly established. The question at this point is one of fact. We deem it unnecessary to go more fully into the details of the evidence. The decree, as we interpret the record, is correct, and it is, accordingly,—*Affirmed.*

MORLING, C. J., and FAVILLE, ALBERT, and WAGNER, JJ., concur.