O. W. BREWER et al., Appellants, v. J. CLAYPOOL et al., Appellees.

No. 43813.

SEPTEMBER 21, 1937.

Mayne & Mayne, for appellants.

Wheeler & Northrop, for appellees.

STIGER, J.—The plaintiffs own a large number of lots in various blocks in the unincorporated village of Crescent and brought this action under Code section 6284 for vacation of streets and alleys and for authority to enclose them under the provisions of Code section 6282. The defendants filed a cross petition claiming title by adverse possession to a strip of land in Riordan Street enclosed by their fence and asking that the title to said land be quieted in them. A decree was entered granting the relief prayed for by the plaintiffs except as to all streets and alleys lying north of the south line of Riordan Street. As to Riordan Street the decree quieted title in the defendants to all that part of the street lying north of defendants' fence and dismissed plaintiffs' petition for the vacation of this street and for authority to enclose the south half thereof which abutted on plaintiffs' property.

Plaintiffs appealed from this part of the decree. This appeal involves only the rights of the parties in Riordan Street.

The plat was never formally accepted nor are there any circumstances from which an acceptance may be implied, so this street was not a public highway.

Riordan Street runs east and west between the following properties owned by the parties. The plaintiffs own lots 1 and 20 in block 168 and lots 15 and 1 in block 167 which lots abut on the south side of the street. The defendants own lots 8 and 7 in block 181 and lot 6 in 182 which abut on the north side of the street. When the defendants purchased their said lots from Elizabeth Lapworth in 1923, there was an east and west fence in Riordan Street south of these lots running from a point about 47 feet south of the southwest corner of lot 8, block 181, east about 468 feet to a point about 43 feet south of southeast corner of lot 6, block 182. It is this strip of land in Riordan Street enclosed by this fence which adjoins the defendants' lots on the south to which the defendants claim title by adverse possession. This fence has been at its present location for over 30 years with the exception of the east 160 feet which was moved south 12 feet by defendants in 1924 to the line of the west 302 feet to which line they claim title. Riordan Street is 66 feet wide. South of the fence there is in the street a lane, or traveled way, from 19 to 20 feet wide, which is between the north line of plaintiffs' lots abutting Riordan Street on the south and the fence of the defendants. This lane was used by plaintiffs and their grantors and the defendants and their grantors for over 30 years in entering and leaving their respective properties. No work was ever done on this road by the public authorities, there was no general user of the street by the public, and the public acquired no interest in it.

The first assignment of error is that the trial court erred in quieting defendants' title to any portion of the south half of Riordan Street because the record shows affirmatively that the possession thereof by defendants and their grantors was with full knowledge that said property was a part of said street and that said possession was without color of title or honest claim of right.

■■■ The acceptance of the dedication was as essential to the establishment of the highway as the dedication by the owner. Until acceptance a street does not become a public highway. There having been no acceptance of the plat, the street remained private property subject to the right of purchasers of lots to an easement for access to the premises. Chrisman v. O. & C. B. Ry.

& Bridge Co., 125 Iowa 133, 100 N. W. 63; Uptagraff v. Smith, 106 Iowa 385, 76 N. W. 733; Bowersox v. Board, 183 Iowa 645, 167 N. W. 582.

■■■ As the land enclosed was not in a public highway, the rule that the statute of limitations will not run against a municipality in the exercise of a governmental function does not apply.

■■■ We have held that, though a street be legally established, if a municipality does not open the street for a time not less than the statutory period or there is a nonuser for such period, and private rights have been acquired by adverse possession, an abandonment may be presumed, the public estopped from asserting any rights therein, and public rights in the street extinguished. Liberty Township v. Doolittle, 157 Iowa 210, 138 N. W. 397; Davies v. Huebner, 45 Iowa 574; Burroughs v. City of Cherokee, 134 Iowa 429, 109 N. W. 876; Blennerhassett v. Town of Forest City, 117 Iowa 680, 91 N. W. 1044.

■■■ There being no public interest involved, the doctrine of adverse possession is applicable to the situation in this case.

■■■ To establish title by adverse possession the claim of right must be as broad as the possession, that is, it was encumbent on the defendants to prove that they intended to claim to the fence whether the true line or not. Grube v. Wells, 34 Iowa 148; Austin v. Baxter, 189 Iowa 138, 176 N. W. 277; Belding v. Huttenlocher, 177 Iowa 440, 159 N. W. 191; Quade v. Pillard, 135 Iowa 359, 112 N. W. 646; 1 Amer. Jur., pp. 916, 917.

On this issue we have the following testimony for the defendants.

Elizabeth Lapworth, defendants' grantor, testified:

"I moved on the premises (of the defendants) in 1906 at which time there was a fence along the south side of the premises north of the narrow traveled way. There is now a fence standing along the south side of these same premises just north of the traveled way standing in the same place as it did in 1906. I used and occupied that land north of the fence during all the time that I lived there from 1906 until 1923 and claimed to own all the land lying north of that fence. When I bought the premises, I believed I acquired title to all the land lying north of that fence. The Brewers acquired the lots south of Riordan Street since that time. No one ever questioned but that the fence was on the south line of those lots. While I lived there I used the

ground immediately north of the fence for a garden and there were fruit trees and other trees planted down there next to the road. The driveway immediately south of the fence was used by the Brewers during the time I lived there.''

The defendant, J. Claypool, testified:

''When my wife and I bought the lots from E. Lapworth there was a fence along the south line of the property which is the fence in question. The fence has not been moved and is in the same place it was when we bought it. I have claimed to own the property north of that east and west fence ever since I came there and have been in possession continually of all the premises lying north of that fence since 1923 and have claimed all up to the fence. The only change I ever made was in 1924 when I moved that part of the fence south of block 182 (the east 160 feet of the fence) 12 feet to the south, so it would be in line with the west part of the fence. I did not know the dimensions of the lot when I bought it. I did not know where the streets were. There were no streets in there at that time. Brewer never made any objections to my moving the fence south in 1924.''

The defendant, Madge Claypool, testified:

''The fence has not been changed since we purchased the premises in 1923. We have used and occupied that street for 13 years exclusively and claimed to own all of the land lying north of the fence ever since we came. When we moved there I believed that we were buying all that was inclosed.''

The plaintiff, O. W. Brewer, testified that ever since he has lived on his property (over 30 years) and both before and after he was married he and his family had access to their place along the south side of Riordan Street, south of the fence.

It appears from this evidence that the defendants have, for more than 10 years prior to the commencement of this action, been in the continuous and exclusive possession of the land in Riordan Street north of the fence and from the time they took possession under their deed they intended to claim and did claim south to the fence line. Their ''claim was as broad as their possession.''

We concur in the finding of the trial court that the defendants obtained title by adverse possession.

■■■ In addition to what we have stated about adverse pos-

session, the record shows that the plaintiffs for over 10 years and the plaintiffs and their grantors for a period of over 20 years acquiesced to the south boundary line of defendants' property as established by the fence and to the use of the land south of the fence as a traveled way. This court has continuously held that when owners of adjoining tracts of land have acquiesced for at least the statutory period in the location of a definite line between their properties, although it may not be the true line, it becomes the true boundary.

■■■ While the doctrine of acquiescence does not arise in a dispute over a boundary line between the property of an abutting owner and the public where a street is involved, in controversies between private owners over boundaries the fact that a highway is between their respective properties does not affect the doctrine. Kotze v. Sullivan, 210 Iowa 600, 231 N. W. 339; Quinn v. Baage, 138 Iowa 426, 114 N. W. 205; Miller v. Mills County, 111 Iowa 654, 82 N. W. 1038; Herrick v. Moore, 185 Iowa 828, 169 N. W. 741.

■■■ We find no merit in plaintiffs' contention that because the defendants and the plaintiffs used the south part of Riordan Street for their mutual convenience and access to their properties, the defendants are estopped from denying the existence of a public street and claiming title thereto by adverse possession. Our ruling on the first assignment of error disposes of the other assignments.

■■■ The plaintiffs and defendants have, as abutting owners, an easement in the traveled way for their convenience and access to their properties. The easement does not extend over the full width of the street because of adverse possession by defendants and acquiescence by the plaintiffs. to the situation in Riordan Street for a time much longer than the statutory period. It follows that plaintiffs are not entitled to a vacation of this street as against the defendants.

We should state that we have not overlooked the claim of the plaintiffs that the east 160 feet of the fence was moved south to its present location in 1927 and therefore defendants have not established adverse possession to the land in Riordan Street north of this part of the fence. On this issue there is a dispute in the evidence. The trial court found that this part of the fence was, as claimed by defendants, moved south to its present location and to the line of the west part of the fence in 1924 and that the de-

fendants had been in adverse possession thereof for over 10 years. We have carefully read the record on this issue and concur in the conclusion reached by the trial court.

The trial court was right in quieting the title in defendants to the land in the street north of the fence and in dismissing plaintiffs' petition for the vacation of streets and alleys lying north of the south line of Riordan Street.—Affirmed.

HAMILTON, C. J., and ANDERSON, SAGER, PARSONS, MITCHELL, KINTZINGER, DONEGAN, and RICHARDS, JJ., concur.